UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAKE T. BELFORD, | Case No. 3:25-cv-00653-MMD-CSD |
| Petitioner, | SCREENING ORDER |
| v. | |
| BORGAS, *et al.*, | |
| Respondents. | |

*Pro se* Petitioner Jake T. Belford has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, a motion for leave to proceed *in forma pauperis* ("IFP"), and a motion for appointment of counsel. (ECF Nos. 1 ("IFP Motion"), 1-1 ("Petition"), 1-2 ("Motion for Counsel").) The Court finds that good cause exists to grant the IFP Motion. And, following an initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules"), the Court directs service of the Petition and grants the Motion for Counsel.

**I.    BACKGROUND**[1]

Belford challenges a conviction and sentence imposed by the Second Judicial District Court for Washoe County. *See State of Nev. v. Jake Taylor Belford*, CR18-1787. On May 16, 2019, the state court entered a judgment of conviction convicting Belford of trafficking a controlled substance and battery on a protected person. Belford was sentenced to 60 to 180 months for the trafficking conviction and a concurrent sentence of 364 days for the battery conviction. These sentences were ordered to be served

---

[1]The Court takes judicial notice of the online docket records of the Second Judicial District Court for Washoe County and Nevada appellate courts.

consecutively to Belford's sentence in case CR18-1790. Belford was given seven days of credit for time served as to both counts. Belford did not file a direct appeal.

Belford filed a *pro se* state habeas petition on May 20, 2020 and a supplemental counseled petition on March 2, 2021. The state court found that Belford's state habeas petition was untimely, but it found good cause existed to excuse the untimeliness. (ECF No. 1-1 at 119.) However, the state court ultimately denied Belford post-conviction relief. (*Id.* at 154.) Belford appealed, and the Nevada Supreme Court affirmed on August 15, 2025, finding that Belford's state habeas petition was filed four days late and that Belford had not demonstrated good cause to excuse the procedural bar. Remittitur issued on September 5, 2025. Belford commenced this federal action on November 13, 2025.

**II.     DISCUSSION**

Habeas Rule 4 requires the assigned judge to examine a habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal habeas petition under 28 U.S.C. § 2254. The one-year limitation period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period between finality of a

direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *See Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

Here, it appears that Belford's conviction became final when the time expired for filing a direct appeal to the Nevada appellate courts on June 15, 2019. *See* Nev. R. App. P. 4(b)(1) (requiring a notice of appeal to "be filed with the district court clerk within 30 days after the entry of the judgment or order being appealed"); *see also Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (when a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires"). Belford's federal statute of limitations thus began to run the following day on June 16, 2019. Belford's limitations period expired one year later on June 16, 2020.[2] Accordingly, absent another basis for tolling or delayed accrual, Belford filed his Petition over five years after his AEDPA limitations period expired.

Anticipating this untimeliness, Belford argues he is entitled to equitable tolling because (1) he hired David Houston to file a direct appeal and seek post-conviction relief on his behalf, but Houston failed to do so, (2) COVID prevented the timely delivery of his state habeas petition, which was only four days late, and (3) he was hindered by excessive lockdowns, phone restrictions, and the ability to use the law library due to

---

[2]Although Belford filed a state habeas petition, it would only toll the federal limitations period if it was "properly filed." The Supreme Court has held that if a habeas petitioner's state postconviction petition was rejected by the state court as untimely, it is not "properly filed" within the meaning of the statutory tolling provision of the AEDPA limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *see also Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."). Belford's state habeas petition was not properly filed given that the Nevada Supreme Court found it to be untimely under state procedural rules.

3

1  COVID. (ECF No. 1-3.) Equitable tolling is appropriate only if a petitioner can show that:
2  (1) he has been pursuing his right diligently, and (2) some extraordinary circumstance
3  stood in his way and prevented timely filing. *See Holland v. Fla.*, 560 U.S. 631, 649 (2010).

   The state court found that "[i]t was not until Mr. Houston's email/letter to Mr. Belford
   and [his girlfriend] on December 23, 2019, [that] Mr. Houston made clear he was not
   proceeding any further with the matter until he received compensation for his services."
   (ECF No. 1-1 at 118.) The Nevada Supreme Court then found that because Belford's
   state habeas petition was not filed for many months after this December 23, 2019 letter,
   "Belford did not demonstrate that the petitions were filed within a reasonable time after
   [he] learned that counsel had not filed anything." Belford appears to dispute that he ever
   received the December 23, 2019 letter, explaining that "no letters, or notifications of any
   kind were sent to Mr. Belford from Dave Houston or any member of his firm" because if
   such a letter had been sent, "there would be record on file within [the] Nevada Department
   of Corrections." (ECF No. 1-3.) It appears that the December 23, 2019 letter was sent to
   Belford's home address even though he was incarcerated.

   Given these facts, the Court finds it is not plainly apparent that Belford's Petition
   will be found to be time barred; in fact, it appears that Belford has a potentially[3] meritorious
   equitable tolling argument. As such, the Court directs that the Petition be served on
   Respondents.

   The Court now turns to Belford's Motion for Counsel. There is no constitutional
   right to appointed counsel for a federal habeas corpus proceeding. *See Pa. v. Finley*, 481
   U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence
   v. Fla.*, 549 U.S. 327, 336-37 (2007)). An indigent petitioner may request appointed
   counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint
   counsel is generally discretionary. *See id* (authorizing appointed counsel when "the

---

[3]The Court makes no finding at this time whether or not Belford is entitled to equitable tolling.

4

interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The Court provisionally appoints the Federal Public Defender to represent Belford. The Court finds that the appointment of counsel is in the interests of justice given, among other things, the complex procedural history of this case.

## III. CONCLUSION

It is therefore ordered that the IFP Motion (ECF No. 1) is granted.

It is further kindly ordered that the Clerk of Court (1) file the Petition (ECF No. 1-1), (2) add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents, (3) electronically provide Respondents' counsel a copy of the Petition (ECF No. 1-1), this Order, and all items previously filed in this case by regenerating the Notices of Electronic Filing, (4) send the Federal Public Defender a copy of this Order and the Petition (ECF No. 1-1), and (5) send a copy of this Order to Belford and the CJA Coordinator for this division.

It is further ordered that Respondents' counsel enter a notice of appearance within 21 days of entry of this Order. No further response will be required until further order.

It is further ordered that the Motion for Counsel (ECF No. 1-2) is granted. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Belford by filing a notice of appearance or (2) indicate the office's inability to represent Belford in these proceedings. If the Federal Public Defender is unable to represent Belford, the Court will appoint alternate counsel. Appointed counsel will represent Belford in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline

for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Belford remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the Petition and/or by granting any extension thereof, the Court makes no finding or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

DATED THIS 18th Day of November 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE